## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### NORTHERN DIVISION

TANGELA RODDY,                              *
                                           *
            Plaintiff,                     *
v.                                         *        No. 3:26-cv-00065-JJV
                                           *
FRANK BISIGNANO,                           *
Commissioner of the                        *
Social Security Administration,            *
                                           *
            Defendant.                     *

### MEMORANDUM AND ORDER

Plaintiff, Tangela Roddy, appeals the final decision of the Commissioner of the Social Security Administration denying her claim for disability insurance benefits and supplemental security income.   Both parties have submitted briefs, and the case is ready for a decision.

A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error.  *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. § 405(g).   Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.   *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision.  *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).   After careful review of the record in this matter, I find the Commissioner's decision is supported by substantial evidence and this matter should be DISMISSED.

Plaintiff is young.  She was only 43 years old at the time of the administrative hearing. (Tr. 40.)  She testified she went as far as the ninth grade in school, (Tr. 41), earned her GED, (*id.*), and obtained her certified nursing assistant certification.  (Tr. 42.) She has past relevant work as a certified nurse's assistant.  (Tr. 25.)

The Administrative Law Judge (ALJ)[1] first found Plaintiff had not engaged in substantial gainful activity since November 1, 2014 – the alleged onset date.  (Tr. 16.)  He next determined Ms. Roddy had "severe" impairments in the form of "degenerative disc disease and degenerative joint disease of the lumbar spine, bilateral carpal tunnel syndrome, obesity, bilateral hip bursitis, mild lower extremity idiopathic neuropathy, degenerative joint disease of the knees, depression, generalized anxiety disorder, post-traumatic stress disorder, and chronic pain syndrome." (Tr. 17.) However, the ALJ found Plaintiff did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 17-20.)

The ALJ assessed that Ms. Roddy had the residual functional capacity ("RFC") to perform a reduced range of light work.  (Tr. 20.)  Based on his RFC assessment, the ALJ found that Plaintiff was unable to perform her past relevant work.  With the assistance of the vocational expert to determine if jobs existed in significant numbers that Plaintiff could perform despite her impairments, (Tr. 62-67), the ALJ concluded Plaintiff could perform the jobs of cleaner, marker,

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2] 220 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

ticket checker, table worker, and escort driver.  (Tr. 26.)  Accordingly, the ALJ determined Ms. Roddy was not disabled.  (Tr. 26-27.)

The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner.  (Tr. 1-5.)  Plaintiff filed the instant Complaint initiating this appeal.  (Doc. No. 2.)

In support of her Complaint, Ms. Roddy argues that the ALJ's conclusion she can perform light work is not supported by substantial evidence.  (Doc. No. 8 at 36-47.)  Specifically, she challenges the ALJ's assessment of her treating doctor, Paul Silveri, M.D.  She says:

> The ALJ failed to comply with [supportability and consistency] standards when assessing the medical source opinion from Dr. Silveri, Roddy's long time treating doctor. Dr. Silveri gave an opinion regarding Roddy's functional limitations in November 2024. He noted that Roddy suffers from carpal tunnel, hypertension, low back pain with left sided sciatica, chronic pain, and GERD. He assessed her with a maximum capacity for lifting/carrying at less than 10 pounds, maximum capacity for standing/walking at less than two hours (only 5 minutes without a break), and maximum capacity for sitting only 15 minutes without a break. He indicated that she is unable to reach in all directions or do gross and fine manipulation and that she must never climb, balance, stoop, kneel, crouch or bend. Dr. Silveri opined that Roddy must have frequent rest periods, longer than normal breaks and an option to shift at will from sitting or standing/walking. He further opined that she cannot complete a normal workday/ workweek, maintain an ordinary work routine, or maintain a full time work schedule. He indicated that Roddy's impairments, or the medications she takes for them, will cause decreased ability to concentrate and persist in a job setting and that she will occasionally need to be redirected in order to remain on task. He indicated that Roddy will miss more than 3 days of work per month, and stated, "she has pain with sit/stand longer than 5 15 min." (Tr. 1190 91).

(*Id.* at 38-39.)

The Commissioner responds:

> Plaintiff is requesting that this Court play the role of ALJ by reweighing the record evidence to find he was further limited than the ALJ assessed. Pl.'s Br. at 41-43. To grant the remedy Plaintiff seeks, the Court would have to credit her evidence despite contrary evidence in the record that undermined her claim. The Supreme Court explained in a similar context that such an approach "has no proper place in a reviewing court's analysis." *Garland v. Dai*, 141 S. Ct. 1669, 1677 (2021). This Court may not decide the facts anew, reweigh the evidence, or substitute its own judgment for that of the Commissioner. In reviewing disability cases, courts should

"defer[] to the presiding ALJ, who has seen the hearing up close." *Biestek v*[. *Berryhill*, 587 U.S. 97, 108 (2019).]

(Doc. No. 10 at 7.)

About Dr. Silveri, the ALJ concluded:

I find that the opinion of Dr. Silveri is not supported with an explanation of their review of the record at time the review was performed or by the doctor's own objective clinical/examination findings (Exhibit 19F, pages 22-23, 28-29, 36). The opinion is not supported by objective tests and/or tests not ordered or performed (Exhibits 6F, 13F, and 24F). The opinion is also inconsistent with the other medical records. Additionally, the opinion was not based upon a review of the other medical records. The opinion is based upon claimant's subjective complaints and/or appears to be a sympathetic opinion. I also note that the opinion was outside the doctor's specialty, or their specialty is not related to the impairment in question. It was noted that this opinion was from the claimant's primary care physician rather than an orthopedic specialist. Moreover, I find that the opinion was contradicted by the opinion of another state agency consultant whose opinions are more consistent. These opinions are well-supported by medically acceptable clinical and laboratory findings and was consistent with the record when viewed in its entirety. The opinions were inconsistent with the claimant's non-compliance (Exhibit 14F, page 12). Hence, I find that the opinions of Dr. Silveri are not persuasive. Finally, it is inconsistent with the claimant's activities of daily living, including, but not limited to, working out at her gym (Exhibit 14F/40), able to write, and hold a cell phone (Exhibits 8E and 12E), caring for her eight year old son, driving independently, living alone with her child, shopping, paying bills, doing dishes chores and cooking (Exhibits 8E and 12R).

(Tr. 22.)

I have carefully considered Plaintiff's argument, the Commissioner's response, and the evidence of record. I find the ALJ's decision that Plaintiff could perform a reduced range of light work is supported by substantial evidence.

Dr. Silveri's Medical Source Statement is grossly overstated. As the ALJ concluded, his own treatment notes fail to support the limitations he reported in his Medical Source Statement. (Tr. 1075-1076 (June 12, 2024), 1081-1082 (May 21, 2024), 1089 (August 27, 2024).) And while Plaintiff disagrees, the objective testing supports the ALJ's conclusion. (Tr. 613, 896, 1165.)

In addition, state agency doctors, William Harrison, M.D. and Linda Margiloff, M.D., found Plaintiff could perform light work activities. (Tr. 73-74, 97-99.) While these doctors did

not perform examinations of Plaintiff, their conclusions are well supported by the evidence of record. These opinions on their own could amount to substantial evidence. And here, the ALJ concluded these opinions were "consistent with the record at the time review was performed [and found to be] fully persuasive." (Tr. 24.)

I do recognize Ms. Roddy suffers from some level of pain and has some limitations in her ability to perform work-related activities. (Tr. 569-579, 727, 787, 818, 826.) However, after close scrutiny of the ALJ's decision and the medical evidence in this case, I conclude that the ALJ's conclusion that Ms. Roddy can perform a reduced range of light work meets the "substantial evidence" test.

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The overall record here fails to support Plaintiff's allegation of complete disability.

As always, Plaintiff's counsel has done exemplary work on behalf of Ms. Roddy who clearly has limitations that impact her life. But the evidence provides substantial support for the ALJ's determination that Ms. Roddy can perform the jobs of cleaner, marker, ticket checker, table worker, and escort driver.

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. It is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence that supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

5

There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, ORDERED that the final decision of the Commissioner is affirmed, and Plaintiff's Complaint is dismissed with prejudice.

DATED this 17th day of June 2026.

_____
JOE J. VOLPE